JAMES PANNELL *Executor of* THOMAS JEFFREY *vs.* JAMES WILLIAMS.—*December,* 1837.

Since the act of 1825, ch. 120, the execution of an instrument of writing, to which there is a subscribing witness, may be proved without calling such subscribing witness, though he is present in court at the time of the trial.

In an action upon a single bill, of which the plaintiff is in possession, proof of the defendant's signature is sufficient *prima facie* evidence of its due execution by delivery, to go to the jury, though the validity of the instrument is disputed by a general *non est factum* plea.

APPEAL from *Harford* county court.

This was an action of *debt,* brought on the 15th July, 1833, by the appellant, who declared against the appellee for $450, due on his single bill, executed 1st September, 1831, and to which *John S. Williams* was the subscribing witness. Issue was joined on the plea of *non est factum.*

At the trial, the plaintiff on his part offered in evidence the single bill of the defendant, which was in his, the plaintiff's possession, and proved that the name of the defendant thereto subscribed, was in the proper hand-writing of the defendant.

The defendant then objected that, the evidence so offered, was not sufficient evidence of the signing, sealing, and delivery of the said bill, and prayed the court to direct the jury, that the said evidence was not sufficient to support the

issue on the part of the plaintiff, the subscribing witness being then in court; which direction the court gave. The plaintiff excepted, and brought up the cause by appeal.

The case was submitted on written arguments of counsel, to BUCHANAN, Ch. J. and DORSEY, CHAMBERS, and SPENCE, Judges.

OTHO SCOTT, for the appellant, contended:

That since the act of 1825, *ch.* 120, a bill obligatory, to which there is a subscribing witness as in this case, may be proved in the same manner as if there was no subscribing witness; nor does the act make any distinction in cases where the subscribing witness is in court, or in reach of its process. Its object was to dispense with the necessity which previously existed of producing the subscribing witness. If such testimony is material to a defendant, he can still have it, and in this case the defendant could have called up the subscribing witness, so that no injustice was done by relying on the proof of the hand-writing.

Assuming then, that the bill could be proved as if there had been no subscribing witness, the only question is, was there sufficient evidence, *prima facie*, to entitle the plaintiff to a verdict, if the jury believed the proof, and drew the conclusion of fact from it, sought to be established by the plaintiff. On this point the practice has been so uniform, and the reasons seem to be so obvious, there can be no room for doubt. The possession of an instrument is evidence of delivery, for the plain reason, that when he has it, the law will intend he came by it properly, till the contrary is proved. The question has frequently been settled. *Clark vs. Ray,* 1 *Har. and John.* 323. *Union Bank vs. Ridgley,* 1 *Har. and Gill,* 419.

The sealing is proved *prima facie* by proving the signature. This is the only mode of proof, of which the matter is capable, where there is no subscribing witness, and is the mode universally admitted. *Miller vs. Honey,* 4 *Har. and John.* 241. 1 *Selwyn's Nisi Prius,* 452, in notes.

The evidence then offered by the plaintiff below, was *prima facie* to prove the complete execution of the bill obligatory upon which the action was brought, and ought to have been submitted to the jury for their consideration.

CONSTABLE, for the appellee.

The counsel for the appellant having declared that he would ask a final judgment in this case, in the event of the opinion of the court below, being reversed, it is proper that I should state in reply, that the appellee fully expected to sustain his plea by the evidence of the subscribing witness, which would have shewn that there never was a valid delivery of the note sued upon. Owing to some misapprehension, however, he was not present at the trial, and the subscribing witness not being competent to testify for him without a release, which could not then be procured, the prayer was offered with a view to compel the plaintiff to call the subscribing witness, who had been summoned and was present. Under these circumstances, should the judgment be reversed, a *procedendo* ought to be awarded.

The opinion and direction given by the county court, presents two questions :

1. Whether upon an issue tendered by a *general non est factum* plea, the plaintiff is not bound to examine the subscribing witness, if in attendance at the trial.

Prior to the act of assembly of 1825, *ch.* 120, a plaintiff was obliged to resort to the testimony of the subscribing witness, in every case where it was practicable to obtain it. Was this enactment designed entirely to abrogate this long established rule of evidence? We apprehend that the legislature only intended to relieve a plaintiff from the burden of producing the subscribing witness, but not to supersede the rule requiring his testimony *when actually in court attending the trial*, as was this case. The law required the evidence of the subscribing witness, because it regarded him as possessed of more accurate knowledge of the circumstances of the transaction. And the rule was adhered to so rigidly

that, neither proof of the confession of the obligor that he executed the bond, *Douglass*, 216; nor such admission in an answer to a bill in chancery, filed for the very purpose of obtaining the discovery, could dispense with his testimony. 4 *East*. 53. The inconvenience to which this rule sometimes subjected plaintiffs, gave rise to the act of 1825. Its object was to provide a remedy, and this we think, is fully accomplished by permitting the introduction of other testimony, when that of the attesting witness cannot as readily be obtained. Where then was the necessity for dispensing with the more certain and better evidence of the subscribing witness when equally convenient? No reasons of public policy or convenience could have operated, to induce a change to that extent. I therefore submit that, as the purpose of the framers of the act, will be entirely gratified without dispensing with the examination of the subscribing witness, when present at the trial, it should not be construed, however comprehensive its language, to embrace a case like the present.

2. Supposing the proof of the signature admissible and competent, was there any evidence of the *delivery* of the bill obligatory?

The evidence of delivery in this case, consisted of proof that the defendant signed the note, and that it was in the plaintiff's possession; and the inquiry is, whether these facts warranted an inference, that it was delivered to the plaintiff as the bond of the defendant.

A plaintiff may have the possession of a bond signed by the obligor, and yet there may have been no delivery to give it legal efficacy. I am aware that in some cases, where the instrument has been offered as evidence of a collateral fact, its possession, accompanied by proof of the signature, has been held sufficient without proof of delivery; but where the bond is the foundation of the action, and the plea of *general non est factum*, denying its legal validity under oath, is filed, I contend, that the plaintiff cannot rely merely upon proof of the signature and his possession, but must adduce other

evidence. The fact of a *present* possession should not *per se*, be deemed sufficient evidence of delivery. The issue is not whether the plaintiff has the possession in point of fact, but in law, and that must depend upon the manner in which he obtained it. The *onus* is upon him to shew this. Does then, the bare exhibition of the bond, sustain the issue on his part? What explanation does it furnish of the circumstances under which the bond was originally obtained? None. These facts cannot therefore establish a *prima facie* case in answer to the defendant's plea.

In 1 *Loft's Gilbert on Evidence,* 103, it is said, "though a deed be produced under hand and seal, and the hand of the party that executes the deed be proved, yet this is no full proof of the deed: for the *delivery* is necessary to the essence of the deed, and the deed takes effect from the delivery, so that, unless the delivery be proved, there is no perfect proof of the deed ; and *there is no proof of the delivery but by a witness, 'who saw the delivery.'*" The same rule is laid down in *Buller's Nisi Prius,* 254. In 1 *Wheat. Selwyn,* 451, it is observed, " that to prove the execution of a bond, the sealing and *delivery* must be proved. *Proof of the sealing only is not sufficient.*" And in 1 *Saund. on Plea. and Ev.* 518: " the sealing and *delivery* of a deed, which are essential to its validity as a deed, must be proven, *which must be done by some third person if there was no attesting witness.*"

The mode of proof resorted to in this case seems to have escaped the astuteness of all these authors. It appears never to have occurred to them, that the possession of the instrument was a circumstance from which the law would presume a delivery ; but on the contrary, looking to the issue framed by the pleadings, which treats the *delivery* as a distinct essential to a valid deed, they inform us, that it must be proved by the attesting witness, or by some " third person," who " saw the delivery," and that proof of the sealing and of signing " is not sufficient,"—" no perfect proof of the deed."

And what is the averment on the part of the plaintiff here ? It is, that the defendant, " by his writing obligatory, sealed with his seal, &c." which imports that the defendant signed, sealed, and delivered it; the delivery being implied. *Cro. Eliz.* 737–8. *Cro. Jac.* 420. The plea puts in issue each one of these requisites of the bill. obligatory declared upon, and the plaintiff is bound to prove them. The intendment which dispenses with an averment of the *delivery* is a rule of pleading, founded on the idea, that is implied in the term " *writing obligatory.*" But does not apply to questions concerning the sufficiency of evidence, as by settling that proof of the execution of a bill obligatory necessarily included the delivery, or in any manner determine what shall be competent proof to establish the delivery.

..In *Chamberlain vs. Stanton, Cro. Eliz.* 122, the plaintiff being in possession of the obligation, proved that the defendant had caused. it to be written, and signed, and sealed it; and. it was adjudged, that these facts constituted no evidence of a delivery. Yet they are stronger than the circumstances relied upon in this case.

. The case cited by the appellant's counsel, of *the Union Bank vs. Ridgely,* 1 *Har. and Gill,* 417–18, is not applicable. There the defendant by pleading *specially,* instead of *generally,* drew the *onus* upon himself, and it was sufficient for the plaintiffs to rely on their possession. In *Miller vs. Honey,* 4 *Har. and John.* 241, also cited by the counsel for the appellant, the defendant not only filed a *special non est factum . plea,* but no point seems to have been made or decided, as to the competency of the evidence with respect to the *delivery* of the bill obligatory. But that case is very distinguishable from the present in another point of view. There the subscribing witness was examined, and proved that the attestation was in his hand-writing. It therefore belongs, properly, to that class of cases, in which such proof is deemed sufficient evidence of every thing on the face of the paper, which the witness professes to attest, and one of these is the delivery. *Adam vs. Kers,* 1 *Bos. and Pul.*

360. On the same ground *Lord Ellenborough* decided the case of *Milward vs. Temple*, 1 *Camp. Rep.* 375. Where, though the signatures of both the defendant and the subscribing witness *were admitted*, yet he doubted at first, whether the delivery of the bond, as his deed, ought not also to have been admitted, or still be proved, to entitle the plaintiff to a verdict; but upon consideration, he said, "as the attesting witness' hand-writing was admitted, this might be taken as a presumptive admission of all he professed to attest, and would have been called to prove." He did not consider the possession of the bond, and the admission of the obligor's signature sufficient to entitle the plaintiff to a verdict, without an admission or proof of the *delivery* of the bond. The decision rests exclusively upon the inference, arising from the admission of the attesting witness' hand-writing.

In the present case however, the plaintiff adduced no evidence of the attestation of the subscribing witness, so as to furnish the presumption relied upon in *Milward vs. Temple*, but simply proved the signature of the *obligor*, which we submit, when the plea put directly in issue the signing, the sealing, and the delivery, each substantive and independent facts susceptible of clear proof, was not sufficient to entitle him to a verdict.

SPENCE, Judge, delivered the opinion of the court.

This was an action of *debt* in *Harford* county court by *James Pannell*, executor of *Thomas Jeffery*, against *James Williams*. The defendant pleaded *non est factum*, and upon that plea, issue was joined.

At the trial, the plaintiff to support the issue on his part, offered in evidence the bill obligatory of *James Williams*, which was in his plaintiff's possession, and purported to have been signed and sealed by said *James Williams*, and attested by a certain *John S. Williams*. The plaintiff further proved but not by the subscribing witness, that the name of the defendant thereto subscribed, was in the proper hand-writing of the said defendant, *James Williams*, and

there rested his case. The defendant objected, that the evidence so offered was not sufficient evidence, of the signing, sealing, and delivery of the said bill obligatory, and prayed the court to direct the jury, that the said evidence was not sufficient to support the issue on the part of the plaintiff, the subscribing witness being then in court. Which direction the court gave. The plaintiff excepted, and this presents the question now for adjudication.

We are of opinion that the court erred in their instruction to the jury in this cause.

The act of assembly of 1825, *ch.* 120, provides that in every suit or action at law, or in equity, in which it may be necessary to prove the execution of any instrument of writing whatsoever, attested by a subscribing witness or witnesses, it shall and may be lawful to prove the execution of such instrument of writing, in the same manner, and by the same evidence, that the same ought to be proved if not attested by a subscribing witness or witnesses.

The plaintiff being in possession of the bill obligatory, and having proved that the name of the defendant thereto subscribed was in the proper hand-writing of said defendant, the possession by the plaintiff was *prima facie* evidence of the due delivery of the bond, which the court should have permitted to have gone to the jury by them to be determined. 1 *Har. and Gill,* 418.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.